**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VARINDERJEET SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | )    Case No. CIV-26-471-SLP |
| MARKWAYNE MULLIN et al., | ) |
| | ) |
| Respondents.[1] | ) |

**O R D E R**

Petitioner Varinderjeet Singh, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Before the Court is the Report and Recommendation [Doc. No. 10] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Both Petitioner and Respondents have filed Objections [Doc. Nos. 11, 12], and the matter is at issue.

The Court reviews de novo any portion of the R&R to which the parties have made specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS IN PART the Petition.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin and Todd Blanche are substituted as proper respondents.

## I.      Background

Petitioner, a noncitizen and national of India, entered the United States without admission or inspection on December 29, 2022.  Shortly thereafter, Petitioner alleges that he was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226.  On February 23, 2026, Petitioner was taken into ICE custody at his regularly scheduled ICE check-in.[2]  On February 24, 2026, ICE issued an arrest warrant and redetained Petitioner based on a determination of probable cause that Petitioner is removable from the United States.  Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Thus, Petitioner has not been given the opportunity to post bond or be released on other conditions.  When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma, where he currently remains.[3]

On March 11, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act (INA), a violation of his due process rights under the Fifth Amendment to the United States Constitution, and a violation of the Administrative Procedures Act (APA).  Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As

---

[2] Petitioner alleges he was taken into ICE custody on February 23, 2026.  *See* Pet. at 6, ¶ 25. A Warrant for Arrest and Notice to Appear issued on February 24, 2026.  *See* Doc. Nos. 8-2 and 8-3.

[3] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 7th 2026).

relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.   **Discussion**

The Magistrate Judge concluded that habeas relief should be granted, in part.  The Magistrate Judge recommended that the Court order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court decline to address Petitioner's due process claim and APA claim.

Petitioner partially objects to the R&R.  First, he argues that the Court should order Petitioner restored to the terms of his prior release.  Doc. No. 11 at 1, 2.  Second, Petitioner objects to the Magistrate Judge's decision to decline to consider his due process and APA claims.  *Id*. at 2–4.  Respondent's objection is made to "preserve appellate issues" and recognizes the prior rulings of this Court concluding that Petitioner's detention is governed by § 1226(a) and § 1226(b).  Doc. No. 12 at 1.  Neither party has responded to the Objection filed by the other party.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of § 1225(b)(2)(A) as governing Petitioner's detention.  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court

has previously addressed, in a more detailed Order, these same issues and concluded that ICE detention of similarly situated petitioners is governed by § 1226(a). The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and Second Circuits having ruled in a manner consistent with this Court. *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (agreeing with Respondent's position that § 1225(b)(2)(a) governs the detention); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (same).[4] Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

Petitioner challenges the form of relief recommended by the Magistrate Judge and argues that he should be released under the terms of his prior Order of Release on Recognizance rather than be granted a bond hearing. Petitioner, however, has not provided the Court with evidence of his prior Order of Release or its terms, nor has Petitioner supported his requested form of relief with legal authority. Therefore, the Court finds at this time, and under the circumstances of this case, that a bond hearing is the proper relief. *See, e.g., Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained – though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL

---

[4] To date, the Tenth Circuit has not ruled on the issue.

950130 at *1 (W.D. Okla. Apr. 8, 2026) (granting relief to petitioner detained by ICE pursuant to § 1225(b)(2)(A) but concluding that a bond or custody redetermination hearing, and not release, was the proper remedy because § 1226(a) governed petitioner's detention and that statute grants the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond); *Singh v. Grant*, No. CIV-26-55-J, 2026 WL 915691 at *2 (W.D. Okla. Apr. 3, 2026) (finding that appropriate relief for petitioner challenging detention under § 1225 was an order directing a bond hearing where the court did not have sufficient information before it to determine if immediate release were proper and pursuant to § 1226(a), a noncitizen may be continued to be detained or released on bond or conditional parole pending a decision on whether he is to be removed from the United States).

Finally, because the Court grants relief to Petitioner in the form of a bond hearing under § 1226(a), the Court concurs with the conclusion of the Magistrate Judge to decline to address Petitioner's due process claim and APA claim.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

A separate judgment shall be entered.

IT IS SO ORDERED this 7th day of May, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**